(No. 75-CC-1371—

PUBLIC ELECTRIC CONSTRUCTION COMPANY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1978.*

GLEN A. SCHWARTZ, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; GLEN P. LARNER, Assistant Attorney General, for Respondent.

POLOS, C.J.

This claim arises out of a contract to install electronic surveillance systems at the Pontiac and Stateville Correctional Institutions. The original contract specified that prior to the installations of the equipment by Claimant, workers employed by the Department of Corrections were to complete certain preliminary installations of electrical wiring and parts in preparation for the work to be done by Claimant. Claimant's bid for the project was thus based upon the assumption that Respondent would complete its part of the project within a certain time, in a certain manner and with certain parts and equipment.

Contrary to the terms of the contract, Respondent failed to make the preliminary installations, but, nevertheless, requested that Claimant install the equipment. Claimant was able to, and in fact did, install the equipment, but since the preliminary wiring was not installed, the equipment could not be connected to

power sources in order to become operable. This situation made it necessary for Claimant to make a second trip to the institutions, after Respondent installed the wiring, to connect and activate the system. This required additional time and expense not contemplated by the parties originally.

Claimant was confronted with an additional, and unforseen, problem in that the electrical wiring and parts installed by Respondent were not the same as agreed to between the parties. Claimant was thus forced to obtain connecting parts different from those originally thought to be suitable to complete the project, and had to expend additional time and labor to adapt the equipment to Respondent's unexpected choice of material and method of installation.

Both parties stipulated to the facts above and that the additional costs incurred by Claimant were due solely to Respondent's actions. The joint stipulation states further that Claimant had to spend an additional $6,800.00 to complete its performance due to the delay and change of material.

This Court has previously held that actual expenses for delay occasioned by change of plans made by the State are recoverable. *Divane Brothers Electric Co. v. State, 22 Ill.Ct.Cl. 546, Meyer Machine, Inc. v. State, 27 Ill.Ct.Cl. 72.* From the above stipulated facts, it appears that Respondent made changes in plans relating to the timing of the project, choice of materials and method of installation, which caused Claimant additional expense.

Claimant is hereby awarded the sum of $6,800.00.